IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DALVARO A.K. WEAVER,

    Plaintiff,

v.                            CIVIL ACTION NO.
                              1:10-cv-2432-JEC

BOARD OF REGENTS/GEORGIA STATE
UNIVERSITY,

    Defendant.

**ORDER & OPINION**

The above-entitled matter is presently before the Court for a frivolity determination under 28 U.S.C. § 1915 [2]. The Court concludes that, for the reasons set forth below, the case should be **DISMISSED**.

**I.   PLAINTIFF'S PRESENT COMPLAINT**

As set out below, plaintiff is a frequent filed of *pro se* complaints. The present complaint is before the Court for a frivolity determination. Under 28 U.S.C. § 1915(e)(2)(B)(i), a case is frivolous if it is "without arguable merit either in law or fact," or "when it appears the plaintiff has little or no chance of success." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (internal citations omitted).

On August 2, 2010, this Court received a complaint from plaintiff Dalvaro Weaver, purporting to state a cause of action against Georgia State University for the deprivation of unspecified constitutional rights, pursuant to 28 U.S.C. §§ 1983 and 1985. Plaintiff complains that on an unspecified date an unnamed Georgia State police officer issued a trespass citation to him after he had used the bathroom at one of Georgia State's buildings.

Plaintiff does not elaborate on how the issuance of a citation to him for trespass violated his constitutional rights.  He does not deny that he was trespassing.  Moreover, he offers no explanation as to what has happened since issuance of the citation.  To the extent that he was later adjudicated guilty on the citation, plaintiff does not explain in what way that process would have violated his constitutional rights.  Further, even had he such a complaint, he would have been required to exhaust state remedies, which he also does not allege.

On its face, plaintiff's complaint appears to be frivolous. Indeed, this would not be the first time that plaintiff has filed a frivolous or non-meritorious claim.  The list below shows other cases filed by the plaintiff, only to be later dismissed.

- *Weaver v. DeKalb County, et al.*, 1:10-cv-00314-JEC (complaint dismissed for failure to respond to defendant's meritorious motion to dismiss);

2

- *Weaver v. State of Georgia in DeKalb County*, 1:08-cv-02495-JEC (complaint dismissed as frivolous);
- *Weaver v. State of Georgia, et al.*, 1:08-cv-01895-JEC (complaint dismissed as frivolous);
- *Weaver v. State of Georgia*, 1:06-cv-02252-JEC (removal petition of state criminal case dismissed);
- *Weaver v. Fulton County Jail System*, 1:05-cv-02888-JEC (complaint dismissed for lack of standing);
- *Weaver v. U.S. District Court, et al.*, 1:05-cv-02870-JEC (denial of plaintiff's FOIA request for the personnel records of this Court, the United States Marshals, and the General Services Administration);
- *Weaver v. Hilton Hotel*, 1:05-cv-02565-JEC (complaint dismissed as frivolous);
- Weaver v. DeKalb County Library System et al., 1:05-cv-00644-JEC (complaint dismissed for failure to serve defendants);
- *Weaver v. Kroger Co.*, 1:05-cv-00643-JEC (complaint dismissed for failure to respond to defendant's meritorious motion to dismiss); and
- *Weaver v. Phillips, et al.*, 1:99-cv-00058-JEC (defendants' motions to dismiss plaintiff's complaint granted).

Nor can the Court give plaintiff an opportunity to amend his complaint to provide more specificity, as it has no valid address for plaintiff. That is, when filing his complaint, plaintiff indicated that his mailing address was 3767 Treebark Trail, Decatur, GA 30034. The Office of the Clerk has attempted to send correspondence to Mr. Weaver concerning his case at that address, but the post office has notified the Clerk that this is not a valid address for this recipient [4]. Thus, per Local Rule 83.1D(3), NDGa, Mr. Weaver's

AO 72A
(Rev.8/82)

claim is **DISMISSED** for failure to keep the clerk's office informed as to a change in his mailing address, as well as for being frivolous.

## CONCLUSION

For the above reasons, it is Ordered that the present civil action is **DISMISSED without prejudice**. The Clerk is directed to close this civil action.

SO ORDERED, this 26th day of JULY, 2013.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)